*1357 OPINION.
Lansdon :
The parties have stipulated all of the basic and essential facts for a proper disposition of the first and second assignments of error. Depreciation and obsolescence of saloon fixtures and beer pumps should, therefore, be computed in accordance with the stipulation.
*1358 Dues of $2,317.32 paid during 1019 to the United States Brewers Association constitute an ordinary and necessary expense of carrying on the business, and as such are a proper deduction from gross income. Independent Brewing Co. of Pittsburgh, 4 B. T. A. 870. The respondent erred in disallowing the deduction-
The facts presented as to the loss in 1919 of petitioner’s investments in the renewal rights of saloon licenses are essentially the same as those presented to this Board in McAvoy Company, 10 B. T. A. 1017. Our decision in the latter case, therefore, is controlling as to the issue here. The respondent correctly refused to allow a deduction for obsolescence of renewal rights of saloon licenses, but the loss sustained, as the result of such rights becoming worthless in 1919 following prohibitory legislation, is a proper deduction under the provisions of section 234 (a) (4) of the Revenue Act of 1918. Since the fair market value as of March 1, 1913, of renewal rights owned at that date, plus cost of renewal rights subsequently purchased, is greater than the cost of all such renewal rights, the amount of the loss to be deducted is the cost of such rights, to wit, $30,939.09.

Judgment will be entered under Rule 50.